# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JAMES BARTRAM,<br><br>    Plaintiff,<br><br>vs.<br><br>GREG A. GRAVER, et al.,<br><br>    Defendants. | No. 22-CV-0123-KEM<br><br>**INITIAL REVIEW ORDER** |

    This matter is before the Court pursuant to Plaintiff James Bartram's complaint (Doc. 1) that was filed by retained counsel.

## I.    INITIAL REVIEW STANDARD

    Bartram is currently incarcerated in the Sixth Judicial District in Iowa. The court must therefore review this case under 28 U.S.C. § 1915A(a). The court may dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant that is immune from a monetary judgment.[1]

    In reviewing a prisoner or in forma pauperis complaint, unless the facts alleged are clearly baseless, a court must weigh them in favor of the plaintiff.[2] A claim is frivolous" if it "lacks an arguable basis in law or in fact."[3] In determining whether a complaint fails to state a claim, courts rely on the standards articulated under Federal

---

[1] **28 U.S.C. § 1915A(b)**.

[2] *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

[3] ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989); *see also* ***Carmichael v. Fed. Bureau of Prisons***, No. 10-4866 (MJD/JJG), 2010 WL 5829239, at *1 (D. Minn. Dec. 20, 2010) (applying *Neitzke* in a Section 1915A initial review).

Rule of Procedure 12(b)(6).[4] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."[5]

## II. INITIAL REVIEW ANALYSIS

### A. § 1983 Standard

Under 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights."[6] However, 42 U.S.C. § 1983 provides no substantive rights.[7] "One cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything."[8] Rather, § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]."[9] To state a claim under § 1983, a plaintiff must establish: (1) the

---

[4] *See Hake v. Clarke,* 91 F.3d 1129, 1132 & n. 3 (8th Cir. 1996) (stating initial review for Rule 12(b)(6) purposes was authorized for prisoner cases under 28 U.S.C. § 1915A).

[5] ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007).

[6] ***Monell v. Dep't of Soc. Servs.***, 436 U.S. 658, 685 (1978).

[7] *See **Albright v. Oliver***, 510 U.S. 266, 271 (1994); ***Graham v. Conner***, 490 U.S. 386, 393-94 (1989); ***Chapman v. Houston Welfare Rights Org.***, 441 U.S. 600, 617 (1979).

[8] ***Chapman***, 441 U.S. at 617.

[9] **42 U.S.C. § 1983**; *see also **Albright***, 510 U.S. at 271 (§ 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); ***Graham***, 490 U.S. at 393-94 (same); ***Maine v. Thiboutot***, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution).

violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law.[10]

### B. Discussion

Plaintiff asserts that Defendants violated his rights through deliberate indifference to his medical needs during his pretrial incarceration at Jones County Jail in Anamosa, Iowa. His complaint names as Defendants individuals who work for the Jones County Sheriff's Department or Jones County Jail, including Sheriff Greg Graver, Nurse Jane Doe, and Jail Administrator Tess LeMense, as well as the municipality, Jones County, Iowa.[11] Doc. 1 at 2. Against the individual Defendants, Plaintiff asserts a § 1983 claim for violating his Eighth Amendment rights (Claim 1), a § 1983 claim for violating Article I, § 9 of the Iowa Constitution (Claim 2), and a state law negligence claim (Claim 4). Doc. 1 at 8-12, 14-15. Against Jones County, Plaintiff brings state law claims of municipal liability under the doctrine of respondeat superior and Iowa Code Chapter 670 (Claim 3) and negligent supervision, hiring, and training (Claim 5). Doc. 1 at 13-16.

#### 1. Claims 1 and 2: Section 1983 Deliberate-Indifference Claims

Liability under § 1983 may arise "for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."[12] An inadequate medical care claim is governed by the Eighth Amendment deliberate-indifference standard.[13]

---

[10] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[11] On December 23, 2022, Defendants Graver, LeMense, and Jones County filed an answer. Doc. 8.

[12] ***Baker v. McCollan***, 443 U.S. 137, 146 (1979).

[13] *See **Jackson v. Buckman***, 756 F.3d 1060, 1065 (8th Cir. 2014). The deliberate indifference standard applies to both inmates and pretrial detainees. ***Id.***; *see also **Barton v. Taber***, 908 F.3d 1119, 1123-24 (8th Cir. 2018).

3

> Whether an official was deliberately indifferent requires both an objective and a subjective analysis. Under the objective prong, [the plaintiff] must establish that he suffered from an objectively serious medical need. To be objectively serious, a medical need must have been "diagnosed by a physician as requiring treatment" or must be "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Under the subjective prong, [the plaintiff] must show that an official "actually knew of but deliberately disregarded his serious medical need." This showing requires a mental state "akin to criminal recklessness." Consequently, [the plaintiff] must show "more than negligence, more even than gross negligence" to evince deliberate indifference.[14]

Plaintiff asserts that he was denied medical care for gunshot and surgical wounds on his chest, abdomen, hip, and leg. Doc. 1 at 3. He asserts that on November 9, 2020, after he was treated for gunshot wounds at two hospitals, he was sent to Jones County Jail pending trial in criminal case number FECR008203. *Id.* at 3-4. Plaintiff contends that hospital medical staff advised him to wear a medical wound vac on his abdomen wound, receive antibiotics three times per day, have a surgical drain on his chest wound changed daily, have his bandages changed one to two times daily, receive physical therapy three times per week, and only put pressure on his left leg with the supervision of a nurse of physical therapist. *Id.* at 4, 7. Plaintiff asserts that Defendant LeMense informed his wife that Jones County Jail was not equipped to provide proper medical care for him, but Defendant Graver insisted he remain there and stated a nurse and physical therapist would care for him. *Id.* at 4. Plaintiff contends that the facilities at Jones County Jail were inadequate: his cell had no electrical outlets to power his wound vac and could not accommodate his wheelchair or walker, and the jail lacks a handicap shower, preventing him from properly bathing. *Id.* at 5-7. He also contends that his care was inadequate: the nurse came only once a week; jailers improperly handled his

---

[14] *Jackson*, 756 F.3d at 1065 (citations omitted) (quoting ***Scott v. Benson***, 742 F.3d 335, 340 (8th Cir. 2014); ***Fourte v. Faulkner Cnty.***, 746 F.3d 384, 387 (8th Cir. 2014)); *accord* ***Phillips v. Jasper Cnty. Jail***, 437 F.3d 791, 795 (8th Cir. 2006).

drain and allowed drainage to flow into his body; his bandages were not changed daily; he received no physical therapy; his prescriptions were not refilled; and after his wound vac battery died, his wound drained all over him and became red and irritated. *Id.* at 5-8. Plaintiff asserts that as a result of his improper care and surroundings, he suffered a fall and ultimately had to undergo additional surgery for a new pin and rod in his leg and another surgery to fix a ruptured hernia that formed from his abdominal wound. *Id.* at 8.

Plaintiff's allegations in his pleading are sufficient to constitute an objectively serious medical need: both because a physician diagnosed his wounds as requiring treatment and because a layperson would have recognized the necessity for a doctor's attention. For example, Plaintiff contends that a physician diagnosed his abdominal wound as requiring the wound vac at least until his next doctor's appointment. In addition, he asserts that his gunshot and surgical wounds were red, leaking, and inflamed. Taking Plaintiff's allegations as true at this early stage, he satisfies the objective prong for deliberate indifference to a serious medical need. Plaintiff's complaint also sufficiently alleges that Defendants knew of his serious medical need and deliberately disregarded it. He contends that Defendants were notified of his situation and chose not to provide him the necessary medical care. *Id.* Thus, the complaint sufficiently pleads the objective and subjective prongs and states a cognizable claim of deliberate indifference. The court will allow Plaintiff's Claim 1 to proceed past initial review.

Claim 2, however, will not be allowed to proceed. As previously noted, a claim under § 1983 must be based on the violation of a right secured by the United States Constitution or laws of the United States. In Claim 2, Plaintiff asserts a § 1983 claim

based on the violation of the state Constitution, not a federal statute or Constitutional provision. Accordingly, claim 2 is dismissed.[15]

### *2.  Claims 3-5: Tort Claims*

Plaintiff also alleges that Defendants, individually and in their official capacities, are liable under various state tort law theories, including negligence and negligent supervision, hiring, and training. Because the constitutional claim described above will proceed, the Court finds that the state tort law claims should proceed as well.

### III.  CONCLUSION

For the reasons set forth herein:

1. After an initial review, Claims 1, 3, 4, and 5 from Plaintiff's complaint (Doc. 1) will be allowed to **proceed**.
2. After an initial review, Claim 2 will be **dismissed**.

**SO ORDERED** on January 11, 2023.

*Kelly K.E. Mahoney* (signature)
Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

---

[15] *See Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995) ("We take this opportunity to emphasize that violations of state laws, state-agency regulations, and, more particularly, state-court orders, do not by themselves state a claim under 42 U.S.C. § 1983.").