# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JAMES BARTRAM, | No. 22-CV-123 CJW-KEM |
| Plaintiff, | **ORDER** |
| vs. | |
| GREG A. GRAVER, et al., | |
| Defendants. | |

_____

This matter is before the Court on Chief United States Magistrate Judge Kelly K.E. Mahoney's Report and Recommendation (Docs. 10; 12). The Report and Recommendation recommends dismissal of Count 2 and allowing Counts 1, 3, 4, and 5 to proceed. (Doc. 10). Neither party has objected to the R&R. The deadline for such objections has expired.

## I.    REVIEW OF REPORT AND RECOMMENDATION

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## II. THE R&R

On January 11, 2023, Judge Mahoney issued her R&R, recommending that the Court dismiss Count 2 and allow Counts 1, 3, 4, and 5 to proceed. (Doc. 10). Specifically, Judge Mahoney held as to Count 1 that: (1) the allegations are sufficient to constitute an objectively serious medical need and that defendants were deliberately indifferent toward plaintiff's serious medical needs, as "a physician diagnosed [plaintiff's] wounds as requiring treatment and because a layperson would have recognized the necessity for a doctor's attention," and (2) the allegations are sufficient to satisfy the subjective prong, as plaintiff contends defendants knew of the risk and disregarded it by not rendering necessary medical care. (Doc. 10, at 5). As to Count 2, Judge Mahoney determined the allegations are insufficient to constitute a claim under

Title 42, United States Code Section 1983, as plaintiff alleges a violation of his civil rights under the Iowa Constitution, not any federal statutes or the Constitution of the United States. (*Id.*, at 5-6). Last, Judge Mahoney determined that Counts 3-5 for various state torts should proceed because Count 1, a federal constitutional claim, is to proceed. (*Id.*, at 6).

### III. DISCUSSION

The time to object to the R&R has expired, and neither party has filed any objections. Thus, the parties have waived their right to a de novo review of the R&R. *See, e.g.*, *United States v. Newton*, 259 F.3d 964, 966 (8th Cir. 2001) ("Appellant's failure to file any objections waived his right to de novo review by the district court of any portion of the report and recommendation of the magistrate judge as well as his right to appeal from the findings of fact contained therein." (citation and internal quotation marks omitted)). Accordingly, the Court reviewed the R&R for clear error. Judge Mahoney applied the appropriate legal standards in considering whether each of plaintiff's claims could proceed as pled. (Doc. 1). Based on the Court's review of the record, the Court finds no error—clear or otherwise—in Judge Mahoney's recommendation. As such, the Court **adopts** the R&R in its entirety.

### IV. CONCLUSION

For the reasons stated the Court **adopts** Judge Mahoney's R&R (Doc. 10) without modification. *See* 28 U.S.C. § 636(b)(1). In accordance with Judge Mahoney's recommendation, the Court dismisses Count 2 and Counts 1, 3, 4, and 5 shall proceed.

**IT IS SO ORDERED** this 9th day of February, 2023.

_____
C.J. Williams
United States District Judge
Northern District of Iowa

3

Case 1:22-cv-00123-CJW-KEM   Document 13   Filed 02/09/23   Page 3 of 3